# In the United States Court of Federal Claims

No. 22-164C

(E-Filed: August 22, 2022)

|  |  |
|---|---|
| CHARLES KINNEY, | ) |
| Plaintiff, | ) Pro Se Complaint; RCFC 12(b)(1); |
| v. | ) Dismissal for Lack of Jurisdiction; |
|  | ) RCFC 12(h)(3). |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Charles Kinney, Oakland, CA, pro se.

Joshua A. Mandlebaum, Trial Attorney, with whom were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and William J. Grimaldi, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

Two motions are presently pending before the court. First, on April 12, 2022, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), or in the alternative, Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 6. Plaintiff responded to defendant's motion on April 26, 2022, see ECF No. 7; defendant replied on May 6, 2022, see ECF No. 8; plaintiff filed a sur-reply on May 26, 2022, see ECF No. 14; and defendant filed a response to the sur-reply on June 2, 2022, see ECF No. 15. Second, on June 16, 2022, plaintiff filed a motion for oral argument on defendant's motion to dismiss. See ECF No. 16. Defendant responded to plaintiff's motion on June 28, 2022, ECF No. 17; and plaintiff did not file a reply. Both motions are now fully briefed and ripe for decision.

In reaching its decision in this case, the court also considered the following: (1) plaintiff's motion for judicial notice, ECF No. 9; (2) defendant's response to the motion,

ECF No. 10; and (3) plaintiff's reply, ECF No. 12.

The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. The briefs submitted by the parties sufficiently addressed the issues related to defendant's motion to dismiss, and therefore, oral argument is unnecessary, and plaintiff's motion is **DENIED**. For the following reasons, defendant's motion to dismiss plaintiff's complaint is **GRANTED**.

I.  Background

Plaintiff filed his complaint in this case on February 10, 2022. See ECF No. 1. He explains the basis for his suit as follows:

> This civil complaint is being filed to challenge the denial on 8/13/21 by the U.S. Department of Justice [DOJ], Civil Division, Torts Branch . . . in Washington, DC of the "taking" claim (which included a Bivens claim) submitted by [plaintiff] on 4/10/20 (and received by DOJ on 4/13/20) against US Bankruptcy Trustee Peter C. Anderson of Region 16 for the Central District of California . . . acting in scope of his employment and duties with the United States of America.

Id. at 1. The defendants listed in the caption on the complaint are: "The United States of America, Peter C. Anderson, and Does 1 to 10, acting in their individual and/or official capacity(ies)." Id.

From there, plaintiff makes a series of allegations against the bankruptcy trustee and various individuals involved in Chapter 7 bankruptcy proceedings in which plaintiff was "listed [as an] unsecured creditor." Id. at 2. Plaintiff's claims against the bankruptcy debtor appear to relate to representations about a residential property in California, and a motion for attorneys' fees that plaintiff believes was improperly allowed as part of the bankruptcy proceeding. See id. at 2-3. Plaintiff challenges "[t]he negligent and/or wrongful acts and/or omissions" of the bankruptcy trustee, and claims those acts amounted to "abuse of process and/or malicious prosecution by an 'investigative or law enforcement officer' acting in the scope of his employment and official duties," which caused plaintiff's "injury and damages to his personal and real properties." Id. at 4.

Plaintiff next outlines, at length, the various ways in which the bankruptcy trustee failed in his duties. See id. at 4-6. According to plaintiff, the bankruptcy trustee "is liable to [plaintiff] for prospective injunctive relief and other remedies for [his] acts and/or omissions, but not necessar[il]y liable for monetary damages." Id. at 6. In addition, plaintiff alleges as follows:

> The United States is liable to [plaintiff] for monetary damages because of the

> intentional and/or negligent torts committed by the [bankruptcy trustee] while acting in the scope of his employment and duties, and because the [bankruptcy trustee's] acts and/or omissions were an abuse of process and/or malicious prosecution by the [t]rustee to the detriment and damage of [plaintiff].

Id. at 6-7.

In the allegations that follow, plaintiff claims that the bankruptcy trustee violated his "constitutional rights secured by the 4th, 5th, and/or 8th Amendments to the US Constitution," and was "acting within the scope of his employment and duties with the USA" when he caused damages to include "the 'taking' of [plaintiff's] private property for public use without just compensation." Id. at 9. This section of the complaint appears to relate to the bankruptcy trustee's allegedly unfair consideration of the fact that plaintiff had been deemed a vexatious litigant in unrelated proceedings. See id. at 9-13. Plaintiff submitted a claim to the DOJ seeking relief on April 13, 2020, and the DOJ denied plaintiff's claim on August 13, 2021. See id. at 14.

Plaintiff sets out two claims for relief in the complaint.[1] He labels the first claim a takings claim, under which he alleges that the bankruptcy trustee, "is liable for negligent, intentional or wrongful acts and/or omissions while acting within the scope of his employment and duties that are abuses of process and/or malicious prosecution" of plaintiff. Id. He also claims that the trustee effected a "'taking' of his private property(ies) for an alleged public use [e.g. so the courts have a way to punish an 'attorney' under the vexatious litigant laws even though no legislation was passed to allow for that label to be applied to an 'attorney'] without just compensation." Id. at 15. According to plaintiff, the United States "is liable for monetary damages arising from the intentional torts of a federal officer, the [bankruptcy trustee], that were directed against [plaintiff] as noted herein." Id. at 14.

Plaintiff labels his second claim a "Bivens claim." Id. at 15. In this claim, plaintiff challenges actions by the "US Bankruptcy Court," the "US District Court," the "Ninth Circuit," and refers to a 2021 lien by an individual on a debt that was paid in 2018. Id. at 16.

Plaintiff seeks $20 million and injunctive relief. See id. at 17.

---

[1] In his response to defendant's motion to dismiss, plaintiff argues that he "has a . . . due process and/or illegal [exaction] claim." See ECF No. 7 at 10. Plaintiff also attempts to re-cast his complaint as seeking only "non-tort damage[s]." Id. Plaintiff's response to defendant's motion does not serve to amend his complaint, and thus, the court reviews only the allegations as they appear in the complaint itself.

II.   Legal Standards

   A.   Pro Se Litigants

The court acknowledges that pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

   B.   Jurisdiction

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). A defendant may challenge the court's jurisdiction by filing a motion pursuant to RCFC 12(b)(1).

To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that his claims are based upon the Constitution, a statute, or a regulation that "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (holding that plaintiff "bears the burden of establishing subject matter jurisdiction"). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747. If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.   Analysis

As defendant argues in its motion to dismiss, see generally, ECF No. 6, plaintiff raises a variety of claims in his complaint that the court is without authority to consider. First, to the extent that plaintiff means to allege claims against any defendant that is not the United States, this court lacks jurisdiction. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). This limitation on the court's jurisdiction prevents the court from considering claims against individual federal officials. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials"). For this reason, "Bivens actions . . . lie outside

4

the jurisdiction of the Court of Federal Claims." Id.; see also Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (holding that claims of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction.").

This court also lacks jurisdiction to collaterally review the actions of other federal courts. In the complaint, plaintiff challenges a variety of actions by the "US Bankruptcy Court," the "US District Court," the "Ninth Circuit." ECF No. 1 at 16. The court is without authority to consider these claims. See, e.g., Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'") (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994)). In order to challenge such proceedings, a plaintiff must rely on "the statutorily defined appellate process." Shinnecock, 782 F.3d at 1353 (citation omitted).

This court, likewise, is not authorized to consider claims alleging the violation of constitutional rights that are not money-mandating. Plaintiff alleges that the bankruptcy trustee violated his "constitutional rights secured by the 4th, 5th, and/or 8th Amendments to the US Constitution."[2] ECF No. 1 at 9. This court lacks jurisdiction to consider such claims. See Spain v. United States, 277 F. App'x 988, 989 (Fed. Cir. 2008) (holding that claims based on violations of constitutional rights that are not money-mandating, such as due process rights under the Fifth and Fourteenth Amendments and the right to equal protection, do not fall within this court's jurisdiction); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (affirming this court's dismissal of plaintiff's claim for cruel and unusual punishment, holding that "[t]he Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision'").

Plaintiff labels his first cause of action as a takings claim, a category of claim over which this court does have jurisdiction, but the substance of plaintiff's allegations—the gravamen of his complaint—sounds in tort. See ECF No. 1 at 14-15; see also Jan's Helicopter Serv., Inc. v. United States, 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("It is undisputed that the Takings Clause of the Fifth Amendment is a money-mandating source for purposes of Tucker Act jurisdiction."). Plaintiff alleges that the United States is

---

[2] Plaintiff also mentions the First Amendment in his complaint, though it is not clear whether he intended to allege a claim that defendants violated his rights thereunder. See, e.g., ECF No. 1 at 7, 13. Even assuming plaintiff did mean to allege such a claim, this court lacks jurisdiction to consider it. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that this court lacks jurisdiction over claims based on the First Amendment).

"liable for monetary damages arising from the intentional torts of a federal officer, the [bankruptcy trustee], that were directed against [plaintiff]." ECF No. 1 at 14. He contends that the trustee is liable for abuse of process and malicious prosecution of defendant, see id., and that:

> [t]he actions and conduct by defendants, . . . while acting under color of law but with willful intent, . . . violated plaintiff's federal civil rights and constitutional rights, have attempted to extort money or certain acts from plaintiff, have taken [plaintiff's] private property for a public use without just compensation, and have denied him the intangible right to honest services.

Id. at 15. The fact that plaintiff labels the cause of action as a takings claim, and includes, among his other allegations, a reference to taking property without just compensation, does not transform his claim for "monetary damages arising from . . . intentional torts," into a Fifth Amendment takings claim. Id. at 14; see also Nalette v. United States, 72 Fed. Cl. 198, 202 (2006) (looking to the gravamen of plaintiff's complaint in determining jurisdiction). And this court is expressly prohibited from exercising jurisdiction over tort claims. See 28 U.S.C. § 1491(a)(1).

For these reasons, the court lacks jurisdiction to consider plaintiff's claims, and his complaint must be dismissed. See RCFC 12(h)(3).

### B. Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer of those claims to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631, which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. In the court's view, transfer would not serve the interests of justice in this case.

"Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631). The court has already addressed the

6

first requirement for transfer, finding that it lacks jurisdiction over the claims raised by plaintiff. With regard to the second requirement, the court notes that on the civil cover sheet submitted with his complaint, plaintiff states that he resides in Oakland, California. See ECF No. 1-1 at 1. Oakland, California is located within the boundaries of the Northern District of California; as such, plaintiff could have filed this case in the United States District Court for the Northern District of California. See 28 U.S.C. § 1391(b)(1).

As to the final requirement, the court finds that transferring this case would not serve the interests of justice. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger Constr. Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). The decision to transfer "rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)) (alteration in original).

As an initial matter, both the United States District Court for the Northern District of California and the United States District Court for the Central District of California have held that plaintiff is a vexatious litigant. See Kinney v. Cuellar, Order Declaring Plaintiff a Vexatious Litigant, No. 18-cv-1041, ECF No. 56 (N.D. Cal. Jul. 17, 2018); Kinney v. Cooper, Order Granting Motion to Declare Charles Kinney a Vexatious Litigant, No. 15-cv-8910, ECF No. 70 (C.D. Cal. May 13, 2016).

In this case, plaintiff's allegations appear, primarily, to stem from proceedings in the United States District Court for the Central District of California. See ECF No. 1 at 1 (identifying the bankruptcy trustee who plaintiff accuses of wrongdoing throughout the complaint as "US Bankruptcy Trustee Peter C. Anderson of Region 16 for the Central District of California"). Plaintiff also claims that the "US Bankruptcy Court," the "US District Court," and the "Ninth Circuit," acted improperly in failing to act on plaintiff's challenges to the trustee's actions. Id. at 16. Plaintiff has had multiple opportunities to make his case, but has failed to do so. As such, the court cannot find that transfer serves the interests of justice in this case.

IV.     Conclusion

Accordingly:

(1)     Plaintiff's motion for oral argument, ECF No. 16, is **DENIED**;

(2)     Defendant's motion to dismiss pursuant to RCFC 12(b)(1), ECF No. 6, is **GRANTED**; and

(3)  The clerk's office is directed to **ENTER** final judgment, **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge
